IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLAUDE WILCOX, as personal representative
of the Estate of HARRIET WILCOX, deceased;
TRINITY SCOTT, as personal representative of
the Estate of MARCELLA MARIE HARTMAN,
deceased; and F. DARLENE COWART SERNA,

        Plaintiffs,

v.                                 No. CIV 04-534 JC/WDS

HOMESTAKE MINING COMPANY, a
Delaware corporation; HOMESTAKE MINING
COMPANY OF CALIFORNIA, a California
corporation; DOE CORPORATIONS I-XX, and
DOE PARTNERSHIPS I-XX,

        Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the *Defendants' Motion to Dismiss for Failure to Comply with the Court's November 16, 2006 Order, or in the Alternative, for Summary Judgment (Doc. 79),* filed June 29, 2007. This "toxic tort" lawsuit arises from the alleged release of radioactive and other hazardous substances by Defendants from their uranium milling facility near Milan, New Mexico. Plaintiffs are residents or former residents of neighborhoods adjacent to the Homestake uranium milling facility. They contend that Defendants' release of these hazardous substances into their environment, including their drinking water, caused them to develop various cancers.

I.      **BACKGROUND**

On November 11, 2006, Magistrate Judge W. Daniel Schneider of this Court granted

*Defs.' Motion for Entry of Case Management Order (Doc. 54)*, allowing Plaintiffs 120 days to "produce expert affidavits which make a prima facie showing of harmful exposure and specific causation for each injury the particular Plaintiff claims was caused by the Defendants' alleged contamination."  *Order Granting Defs.' Motion for Entry of Case Management Order (Doc. 59)* ("Case Management Order") at 2.  After 25 Plaintiffs failed to submit expert affidavits in compliance with Magistrate Judge Schneider's Case Management Order, Defendants sought dismissal with prejudice as to those 25 Plaintiffs.  *See generally Unopposed Motion to Dismiss With Prejudice All Claims of Certain Pls. (Doc. 67)*.  Plaintiffs did not oppose Defendants' Motion, and the Court dismissed 25 of the original 28 Plaintiffs with prejudice on April 23, 2007.  *Order Granting Motion to Dismiss (Doc. 71)*.

On June 29, 2007, Defendants filed the instant Motion, seeking dismissal of the remaining three Plaintiffs for failure to comply with Magistrate Judge Schneider's Case Management Order, or alternatively, on summary judgment.  *Defs.' Motion to Dismiss for Failure to Comply with Court's November 16, 2006 Order, or in the Alternative, for Summary Judgment (Doc. 79)* ("Motion").  Defendants acknowledge receipt of Plaintiffs' affidavits from Inder J. Chopra, M.D.; Robert Peter Gale, M.D., Ph.D., D.Sc. (hon.), F.A.C.P.; F. Owen Hoffman, Ph.D.; and A. James Ruttenber, M.D. but contend that these affidavits "fail as a matter of law to make a prima facie showing of specific causation."  *Motion* at 4.  Specifically, Defendants argue that

> Plaintiffs' expert affidavits fail to raise a factual issue on the essential "but for" element of proximate causation.  The affidavits do not declare or even imply that, but for or without Homestake's conduct, any Plaintiff would not have experienced the claimed adverse health effects.

2

*Id.*

Acknowledging that causation is generally an element that requires determination by a jury, Defendants argue there are no facts presented that could allow a reasonable jury to find a sufficient causal connection between their actions and Plaintiffs' cancers.  *Id.* at 6-7.  Whereas causation must be proved by probability, *Martinez v. CO2 Servs., Inc.*, No. 00-2218, 2001 WL 363282 at *5 (10th Cir. April 12, 2001).  Defendants contend Plaintiffs offer only "mere speculation and conjecture—possibilities, not *probabilities.*"  *Id.* at 9 (emphasis in original).

In response, Plaintiffs do not dispute their burden.  Plaintiffs admit they "must show that it is more probable than not that (or to a reasonable degree of medical probability) Homestake's negligence contributed to the cause of the alleged injuries, such that had Homestake not been negligent, these Plaintiffs would probably be cancer free."  *Resp.* at 14.  Their expert affidavits satisfy the but-for test for causation, according to Plaintiffs.  They explain a three-step process.  First, Plaintiffs' expert Dr. Owen Hoffman estimated the probability of causation for each of the remaining three Plaintiffs as follows: (1) Hartman's probability of causation is between 0.5% and 41%, (2) Serna's probability of causation is between 0.073% and 25%, and (3) Wilcox's probability of causation is between 3.3% and 80%.  *Resp.* at 17.  Second, Dr. James Ruttenber avers that "the best approach to determining the contribution to the cause of cancer diagnosed in an individual is with estimates of cancer risk and assigned share."  *Id.*  Third, Drs. Inder Chopra and Robert Gale, relying on Drs. Hoffman and Ruttenber, testify that Plaintiffs' exposures to radiation were a "substantial factor" in each Plaintiff's development of cancer.  *Id.* at 18.

More specifically, Dr. Chopra's original affidavit states, "[i]n my opinion, Ms. Serna was thus exposed to potentially carcinogenic doses of radionuclides and her exposure was of

sufficient magnitude, duration and intensity that it may have been a substantial contributing

factor contributing to the onset, growth and/or progression of her thyroid cancer." *Motion* at Ex.

A, p. 3, ¶5.  Dr. Chopra's supplemental affidavit states that Plaintiff Serna's "exposure to

radiation from Homestake's operations was a contributing factor to her cancer." *Resp.* at Ex. 3,

¶7.  Dr. Gale opines as to both Plaintiff Hartman and Wilcox that "[a]ssuming the medical

records available to me are correct and complete and that no other parameter(s) unknown to me

could, as a sole cause overwhelmingly explain each plaintiff having the cancer specified, I opine:

to a reasonable medical probability exposure to ionizing radiations as a consequence of

Defendants' operations was a substantial factor contributing to each plaintiff developing cancer."

*Motion* at Ex. B, p. 4, ¶6.

    Plaintiffs freely acknowledge that the cause of cancer is unknown.  They state that "[i]t is

not necessary (nor is it possible) to opine that but for exposure at Homestake, [Plaintiffs] would

never have suffered an injury in the same category [i.e., cancer]." *Resp.* at 19 (as to Plaintiff

Serna) and 21 (as to Plaintiffs[1] Hartman and Wilcox).  As Defendants point out, "there are many

other possible causes of Plaintiffs' cancers, including Plaintiffs' lifestyles, family histories, and

other radiation exposure (e.g., medical and natural) to name a few." *Reply* at 5.  Whereas

Plaintiffs correctly contend they do not have to negate every potential cause in order to meet

their burden of proving but-for causation, *Resp.* at 13 (citing *Tafoya v. Seay Bros. Corp.*, 890

P.2d 803, 804 (1995)), Defendants allege that summary judgment is appropriate unless Plaintiffs'

experts testify that radiation exposure as a result of Homestake's operations was a but-for cause

_____

   [1]The Court recognizes that Plaintiffs' counsel mistakenly referred to Plaintiff Serna in
making the cited statement as to Plaintiffs Hartman and Wilcox.

of Plaintiffs' respective cancers, *Reply* at 2 (citing *New Mexico v. General Electric*, 335 F.Supp.2d 1185, 1248 (D.N.M. 2004), *aff'd in part, dismissed in part by*, 467 F.3d 1223 (10th Cir. 2006); *Galvan v. City of Albuquerque*, 508 P.2d 1339, 1343 (Ct. App. 1973)).

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). In responding to a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e)(2).

When the question whether a defendant's alleged negligence caused the plaintiff's injury is beyond the experience of the average layperson, expert testimony is required to survive summary judgment. *Truck Ins. Exchange v. MagneTek, Inc.*, 360 F.3d 1206, 1214 (10th Cir. 2004). For example, "the causal link between exposure to toxins and other behavior and squamous cell carcinoma is sufficiently beyond the knowledge of the lay juror that expert testimony is required to establish causation." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2nd Cir. 2004).

## III.     DISCUSSION

### A.     Defendants Rely Upon *June v. Union Carbide Corp.*

Defendants urge the Court to follow the reasoning of Judge Marcia S. Krieger of the Federal District Court of Colorado in *June v. Union Carbide Corp.,* 2007 WL 4224228 (D.Colo.,

Nov. 27, 2007), a toxic tort case involving facts similar to the present case as well as the same lawyers on both sides and the same experts who appear for the Plaintiffs in the present case. Judge Krieger granted summary judgment in favor of Defendants, holding that

> the opinions offered by the Plaintiffs' experts, Dr. Inder Chopra and Dr. Robert Gale, were insufficient to establish causation under Colorado law, because they offered no opinion that, 'but for' the exposure to radiation at Uravan, the Plaintiffs would not have become ill.  Their opinions fell short in that they only opined that exposure to radiation was a substantial factor contributing to the [] Plaintiffs' injuries.

*Id.* at *1.  On reconsideration pursuant to FED.R.CIV.P. 59, Judge Krieger confirmed that Colorado law requires proof of but-for causation and held that the "substantial factor" test has not subsumed the but-for test for causation.  *Id.* at *4-5.  Judge Krieger further held that causation cannot be shown merely by showing exposure to hazardous substances at levels generally sufficient to cause the injuries alleged.  *Id.* at *6.  Specific evidence that exposure to the defendant's waste caused the plaintiffs' conditions is required.  *Id.*

       Plaintiffs argue that *June* is distinguishable from the present case, but they do not present any facts to demonstrate how *June* is not analogous.  Plaintiffs also claim that there is a different standard for causation under Colorado law versus New Mexico law; however, the but-for tests at issue in both *June* and this case are identical.

       **B.       Standard for Causation Under New Mexico Law**

New Mexico's Uniform Jury Instruction on causation provides

> An [act] [or] [omission] [or] [_____ *(condition)*] is a "cause" of [injury] [harm] [_____ *(other)*] if [, unbroken by an independent intervening cause,] it contributes to bringing about the [injury] [harm] [_____ *(other)*] [, and if injury would not have occurred without it].  It need not be the only explanation for the [injury] [harm] [_____ *(other)*], nor the reason that is nearest in

time or place. It is sufficient if it occurs in combination with some
other cause to produce the result. To be a "cause", the [act] [or]
[omission] [or] [_____ (condition)], nonetheless, must be
reasonably connected as a significant link to the [injury] [harm].

U.J.I. 13-305 NMRA 2008 (as amended in 2004, to be effective March 1, 2005).

Although the but-for clause is bracketed in the latest version of this jury instruction, there

is no indication in New Mexico case law that the but-for clause is no longer a required element

of causation. *See, e.g., Talbott v. Roswell Hosp. Corp.*, 2005-NMCA-109, ¶34, 138 N.M. 189,

118 P.3d 194 (Ct. App. 2005) (holding that "[a]n act or omission may be deemed a 'proximate

cause' of an injury if it contributes to bringing about the injury, *if the injury would not have*

*occurred without it*, and if it is reasonably connected as a significant link to the injury"

(emphasis added)), *Andrews v. Saylor*, 2003-NMCA-132, ¶21, 134 N.M. 545, 80 P.3d 482 (Ct.

App. 2003) (noting a causal factor is one without which the injury would not have occurred);

*Alberts v. Schultz*, 1999-NMSC-015, ¶38, 126 N.M. 807, 975 P.2d 1279 (1999) (holding that

plaintiffs failed to sufficiently prove causation where their expert "failed to establish whether,

*absent any negligence by the [defendants]*, [Mr. Alberts] would have had a chance to avoid

further deterioration of his leg" (emphasis added)).

In fact, the New Mexico Court of Appeals specifically declined to relax the standard of

causation to one "requiring proof of only a substantial possibility that the result complained of

would have been avoided but for the tortious conduct." *Baer v. Regents of the Univ. of Calif.*,

1999-NMCA-005, ¶15, 126 N.M. 508, 972 P.2d 9 (Ct. App. 1998) (internal quotations omitted).

Given that the substantial factor test[2] has been described as "more lenient," *see, e.g., In re*

---

[2] It appears doubtful that Plaintiffs could satisfy the more lenient substantial factor test
even if the Court were to apply it in place of the but-for test. As noted by the Ninth Circuit,

*Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1010 (9th Cir. 2008), this Court will not substitute any causation standard in place of the but-for test absent some evidence that the New Mexico Supreme Court has adopted and approved the alternative standard.

### C.      But-For Causation in the Context of a Toxic Torts

"To survive summary judgment on a toxic tort claim for physical injuries, [a plaintiff must] show that he was exposed to chemicals that could have caused the physical injuries he complains about (general causation), and that his exposure did in fact result in those injuries (specific causation)."  *Golden v. CH2M Hill Hanford Group, Inc.*, 528 F.3d 681, 683 (9th Cir. 2008). *Accord In re Hanford Nuclear Reservation Litigation*, 292 F.3d 1124, 1134 (9th Cir. 2002) (holding that "plaintiffs must establish both generic *and* individual causation.  This means that they must establish not only that the toxic substances released from Hanford are capable of causing the conditions complained of, but in addition, that Hanford emissions were the cause-in-fact of their specific conditions").  Assumptions as to the cause of a disease made for purposes of treatment does not establish causation.  *Golden* at 683 (holding that "[i]n prescribing treatment, physicians err on the side of caution and consider potential causes—even if they are remote—because a failure to treat may risk permanent injury or death.  That [the plaintiff's] physician considered a potential cause in prescribing treatment doesn't mean that Golden's exposure in fact caused his injuries").

---

applying Washington law, the applicable substantial factor causation "applies when there have been 'multiple, independent causes,' each of which alone is sufficent to cause the injury."  *Id*. Based on facts similar to those in the present case, the Ninth Circuit held that cancers suffered by the plaintiffs, downwinders from the test site for the atomic bomb, could have been caused solely by their genetics or multiple other factors, and plaintiffs therefore could not show that their exposures alone would have been sufficient to cause their cancers.  *Id.* at 1011.

8

Federal courts have noted the important role of causation in the area of toxic torts.  *Rider v. Sandoz Pharmaceuticals Corp.*, 296 F.3d 1194, 1197 (11th Cir. 2002) ("[t]oxic tort cases, such as this one, are won or lost on the strength of the scientific evidence presented to prove causation").  Where the plaintiffs' alleged injuries are cancer-related, causation poses a particular problem for plaintiffs, since cancer frequently occurs in the absence of any toxic exposure and since it is generally very difficult, if not impossible, to scientifically trace an individual's cancer to a particular exposure.  *See, e.g., In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1010-1011 (9th Cir. 2008) (rejecting the plaintiffs' request to apply the more lenient substantial factor test and recognizing that factors other than defendants' plutonium emissions, such as smoking and genetics, could have caused the plaintiffs to develop cancer even in the absence of any plutonium emissions).

### D.    Analysis of Plaintiffs' Expert Affidavits

The Court agrees with Defendants that Plaintiffs' expert affidavits do not establish a prima facie case of specific causation.  Dr. Chopra's initial affidavit very clearly fails to meet the but-for test.  Not only does Dr. Chopra indicate that Plaintiff Serna was exposed only to "*potentially* carcinogenic doses of radionuclides," but he also states that this exposure "*may have been* a substantial contributing factor contributing to the onset, growth and/or progression of her thyroid cancer."  *Motion* at Ex. A, p. 2-3 (emphasis added).  Dr. Chopra does not cure the deficiencies in his original affidavit with the supplemental language that Ms. Serna's exposure "was a *contributing factor* to her cancer."  *Resp.* at Ex. 3, p. 2.  Nowhere in either of Dr. Chopra's affidavits does he indicate that but for Homestake's operations, Ms. Serna probably would not have developed cancer.

9

Dr. Gale's affidavit is similarly deficient.  Initially, Dr. Gale states only that the exposure Plaintiffs Hartman and Wilcox was, more likely than not, a substantial factor contributing to each plaintiff developing cancer."  *Motion* at Ex. B, p. 3-4, ¶ 6.  Thus, like Dr. Chopra's opinion, Dr. Gale's opinion does not meet the but-for threshold.  Further, Dr. Gale's opinion acknowledges that unknown parameters could be the but-for cause of these Plaintiffs' cancers. *Id.*  By assuming at the outset that no other unknown factors could be the "overwhelming" cause of these Plaintiffs' cancers, Dr. Gale's opinion is reminiscent of the plaintiffs' expert in the Agent Orange toxic tort litigation brought by Vietnam veterans.  There, the plaintiffs' causation expert Dr. Singer averred as follows:

> Assuming the truth of the affidavits submitted, and absent any evidence of pre-existing, intervening, or superseding causes for the symptoms and diseases complained of in these affidavits, it is my opinion to a reasonable degree of medical probability (that is, more likely than not) that the medical difficulties described by the affiants were proximately caused by exposure to Agent Orange.

*In re "Agent Orange" Product Liability Litigation*, 611 F.Supp. 1223, 1237 (E.D.N.Y 1985).

The court rejected Dr. Singer's opinion as to causation, holding that

> One need hardly be a doctor of medicine to make the statement that if X is a possible cause of Y, and if there is no other possible cause of Y, X must have caused Y.  Dr. Singer's formulation avoids the problem before us: which of myriad possible causes of Y created a particular veteran's problems.  To take just one of the diseases reported by plaintiffs in an undifferentiated form, and relied upon by Dr. Singer, hepatitis: this is a disease common in the civilian population and there is not the slightest evidence that its incidence is greater among those exposed to Agent Orange than those not exposed.  It may well be that hepatitis among Vietnam veterans is greater than among those who did not serve there because of greater incidence of this problem in Vietnam resulting from drug abuse and generally unsanitary conditions.  There is no showing that among Vietnam veterans the incidence of hepatitis is greater in those exposed to Agent Orange.... Dr. Singer's

10

> conclusory allegations lack any foundation in fact.  His analysis, in
> addition to being speculative, is so guarded as to be worthless.

*Id.* at 1238-39 (internal citations omitted).  For similar reasons, Dr. Gale's opinion is also insufficient to establish causation in the present case.

## IV.   CONCLUSION

Having reviewed the parties briefings and being otherwise fully informed, the Court determines there are no genuine disputes as to material issues of fact.  Because Plaintiffs' experts are not able to testify that, more likely than not, Defendants' alleged negligence was a but-for cause of their cancers, Plaintiffs cannot meet their prima facie burden of demonstrating specific causation.  Summary judgment should therefore be granted in favor of Defendants.

IT IS THEREFORE ORDERED that *Defendants' Motion to Dismiss for Failure to Comply with the Court's November 16, 2006 Order, or in the Alternative, for Summary Judgment (Doc. 79)*, filed June 29, 2007, is GRANTED and Plaintiffs' claims are dismissed with prejudice.

DATED October 23, 2008.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

G.L. Spence
Roy A. Jacobson, Jr.
Kent W. Spence
R. Daniel Fleck
Emily R. Rankin
The Spence Law Firm, LLC

Rebecca A. Lorenz
Melat, Pressman & Higbie, LLP

Michael Alarid, Jr.
Jason M. Alarid
The Alarid Law Firm, P.C.

Counsel for Defendants:

Daniel J. Dunn
Matthew J. Lepore
Edward E. Stevenson
Geoffrey M. Barry
Holme, Roberts & Owen, LLP

Lynn Slade
Douglas A. Baker
Erin E. Langenwalter
Modrall Sperling Roehl Harris & Sisk, PA

Jon J. Indall
Comeau, Maldegen, Templeman & Indall, LLP